**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 6, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MARVIS L. EVANS,

      Petitioner-Appellant,

v.

GREG PROVINCE, Warden,

      Respondent-Appellee.

No. 11-6219
(D.C. No. 5:10-CV-00489-W)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **EBEL** and **GORSUCH**, Circuit Judges.

Marvis L. Evans, a pro se Oklahoma state prisoner convicted of armed robbery

and possession of a firearm by a convicted felon, seeks a Certificate of Appealability

(COA) in order to challenge the district court's denial of his petition for a writ of habeas

corpus under 28 U.S.C. § 2254. He also requests leave to proceed on appeal in forma

pauperis (IFP). Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

GRANT Mr. Evans IFP status but, having reviewed the record and Mr. Evans's arguments, we conclude that he has failed to make a substantial showing of the denial of a constitutional right. Accordingly, we DENY his request for a COA and DISMISS this appeal.

## BACKGROUND

On June 21, 2005, Mr. Evans was charged in the District Court for Oklahoma County with three crimes relating to the armed robbery of a Whataburger fast food restaurant in Oklahoma City nine days earlier. The three offenses were armed robbery (Count 1), possession of a firearm by a convicted felon (Count 2), and unlawfully pointing a weapon at another (Count 3). During Mr. Evans's jury trial in June 2007, three eyewitnesses from the robbery testified about the robber's characteristics, and while none could positively identify Mr. Evans at trial as the robber, two eyewitnesses confirmed that they had identified as the robber the person police had arrested shortly after the robbery, two years earlier. Two law enforcement officers also testified about arresting Mr. Evans after seeing that he matched the description of the robber that had been sent out by a dispatcher, and finding a handgun and a Whataburger bag filled with cash on Mr. Evans's person. Another officer testified that two Whataburger employees positively identified Mr. Evans as the robber when the officer took Mr. Evans back to the restaurant for identification purposes. Mr. Evans also testified, denying that he was the robber and claiming that the police had planted the bag full of money on him. Mr. Evans did admit, however, to being guilty of the felon-in-possession offense.

2

The jury found Mr. Evans guilty of each count, recommending prison sentences of twenty years for each conviction. The trial judge entered judgment accordingly and ordered that the sentences for Counts 1 and 3 run concurrently, but consecutive with the sentence for Count 2. Mr. Evans appealed his convictions to the Oklahoma Court of Criminal Appeals (OCCA), asserting violations of constitutional and state-statutory double jeopardy guarantees, as well as insufficiency of the evidence to sustain his convictions as to Counts 1 and 3. The OCCA affirmed Mr. Evans's convictions on Counts 1 and 2 but reversed and dismissed his conviction on Count 3 as violating Oklahoma's multiple punishment prohibition, on the grounds that it was a lesser-included offense contained within Count 1. The OCCA rejected Mr. Evans's double jeopardy claim as to Count 2, and further rejected his sufficiency-of-the-evidence challenge.

In October 2009, Mr. Evans filed a pro se application for post-conviction relief in the state district court, claiming ineffective assistance of counsel at both the trial and appellate levels. The district court denied relief, and in January 2011, the OCCA affirmed. Mr. Evans filed his amended petition for a writ of habeas corpus in the Western District of Oklahoma on February 17, 2011, asserting three grounds for relief: (1) violation of his right to be free from double jeopardy, with respect to his armed robbery and firearm possession convictions; (2) insufficiency of the evidence to support his armed robbery conviction; and (3) ineffective assistance of counsel at trial and on appeal. On May 10, 2011, a federal magistrate judge recommended denying Mr. Evans's

habeas petition, and on May 20, the district court adopted that recommendation. Mr. Evans timely appealed to this Court.

## DISCUSSION

### I. Standard of Review

This Court lacks jurisdiction to consider the merits of a habeas appeal unless we grant the applicant a COA. 28 U.S.C. § 2253(c)(1)(A). We issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2). "This standard requires an applicant to show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)). And where, as in this case, the state court addressed the merits of the applicant's claims, "the [Anti-Terrorism and Effective Death Penalty Act's ("AEDPA's")] deferential treatment of state court decisions must be incorporated into our consideration of a . . . petitioner's request for COA." Dockins v. Hines, 374 F.3d 935, 937-38 (10th Cir. 2004) (explaining that we will not grant a COA for petitioners whose constitutional claims are merely "at least debatable"). Under AEDPA, habeas relief is available if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable

4

determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2).

## II. Double Jeopardy

First, we conclude that the district court properly rejected Mr. Evans's double jeopardy claim. Generally, the Double Jeopardy Clause of the Fifth Amendment "protects against multiple punishments for the same offense." Missouri v. Hunter, 459 U.S. 359, 365 (1983). Courts invoke the so-called Blockburger test to determine whether the multiple punishments component of the Double Jeopardy Clause has been violated, asking whether, when a defendant is convicted under two separate statutes for the same conduct, conviction under the respective statutes "requires proof of a fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304 (1932). If each crime does contain an element not contained in the other, the Double Jeopardy Clause is not offended. Blockburger is not a constitutional rule, however: legislatures may "specifically authorize[] cumulative punishment under two statutes, regardless of whether those two statutes proscribe the 'same' conduct under Blockburger," in which case "the trial court or jury may impose cumulative punishment under such statutes in a single trial." Hunter, 459 U.S. at 368-69. In other words, the Blockburger test is merely a rule of statutory construction for detecting double jeopardy violations, one that is overcome when "the legislature intended that punishments for violations of the statutes be cumulative." Id. at 368.

5

Mr. Evans argues that his convictions for both armed robbery and possession of a firearm placed him in double jeopardy. As noted, Mr. Evans was charged with "robbery with firearms" in violation of Okla. Stat. tit. 21, § 801, in Count 1, and "possession of a firearm, after former conviction of a felony" in violation of Okla. Stat. tit. 21, § 1283, in Count 2. As the courts below observed and as Mr. Evans concedes, those charges pass muster under Blockburger because although possession of a firearm is an element shared by both, the armed robbery offense requires proof of facts that the felon-in-possession offense does not (i.e., the elements of robbery), and the felon-in-possession charge requires proof of a fact that armed robbery does not (i.e., having been formerly convicted of a felony).

The issue is not so straightforward, however, in light of the fact that Oklahoma's armed robbery statute provides for a greater minimum prison sentence (i.e., ten years instead of five) for individuals convicted of that crime who have been previously convicted of two or more felonies. Okla. Stat. tit. 21, § 801. And indeed, the information through which Mr. Evans was charged was amended to reflect the fact that Mr. Evans had been convicted of two prior felonies, although Count 1 remained entitled simply "Robbery with Firearms." At trial, the jury's verdict reflected the finding that Mr. Evans had committed "armed robbery, after two or more prior convictions." Further, the trial judge characterized, in the jury instructions, Count I as charging Mr. Evans with "Robbery with Firearms, after conviction of two or more felony convictions," but did not proceed to include that element of two prior convictions in the court's specific instruction

6

as to what the jury had to find in order to convict under Count 1. In contrast, the court's specific jury instruction on Count 2 did require a finding of previous conviction as an element of the offense. Thus, Mr. Evans's contention that his convictions failed the Blockburger test are not wholly meritless, insofar as the offense of "possession of a firearm by a convicted felon" would not contain an element not contained in the offense of "armed robbery by a doubly convicted felon"—if the latter is really the proper characterization of the "offense" in Count 1.

Nevertheless, we hold that reasonable jurists would not debate whether the district court properly found that the state court's decision was not contrary to, or an unreasonable application of, Supreme Court precedent. In identifying elements of offenses for the purpose of Blockburger analysis, courts look to the statutes themselves. See, e.g., Hunter, 459 U.S. at 365-69. In the present case, Oklahoma's armed robbery statute does not make the fact of former convictions an element of the base crime. Rather, the statute simply increases the mandatory minimum sentence from five to ten years if the individual has been convicted of two or more prior felonies—an increase that, it may be noted, proved inconsequential in this case, as Mr. Evans's 20-year sentence on Count 1 was well above either statutory minimum. The fact of prior convictions bears no consequence on the implicit maximum sentence under the armed robbery statute, life imprisonment (with or without prior conviction). In contrast, former conviction is an intrinsic element of possession of a firearm by a convicted felon in that it is necessary to conviction for that crime under any circumstance. In any event, Mr. Evans has not cited,

7

nor is this Court aware of, any Supreme Court precedent holding that a statutory provision that merely raises the minimum sentence based on prior conviction, when prior conviction is not an element of the base offense, counts as an element of the crime for Blockburger purposes.

Moreover, even assuming it were clear that Mr. Evans's respective convictions failed the Blockburger test, we agree with the OCCA's conclusion, in this case, that the Oklahoma legislature intended to punish independently possession of a firearm by a convicted felon, regardless of whether he uses it to facilitate another crime (R. Vol. I at 27), keeping in mind the deference accorded to state court determinations of state law (including conclusions regarding legislative intent) in the habeas context. We believe that the fact that conviction for armed robbery carries a higher minimum sentence when the defendant has prior felony convictions does not overcome the otherwise evinced legislative intent that felons' mere possession of firearms be separately punished.

For the foregoing reasons, we deny Mr. Evans's application for a COA with respect to his double jeopardy claim.

### III. Sufficiency of the Evidence

Next, we conclude that the district court properly rejected Mr. Evans's claim regarding the alleged insufficiency of evidence to support his convictions. For substantially the reasons stated in the magistrate judge's recommendation, adopted by the district court, we hold that Mr. Evans has not made a substantial showing that his constitutional rights were denied. Mr. Evans has not shown that the state court's rulings

8

were contrary to, or an unreasonable application of, federal law. <u>See</u> <u>Jackson v. Virginia</u>, 443 U.S. 307 (1979) (sufficiency of evidence to support conviction); <u>Neil v. Biggers</u>, 409 U.S. 188 (1972) (reliability of eyewitnesses). The Court therefore denies his application for a COA with respect to his sufficiency challenge.

### IV. Ineffective Assistance of Counsel

Finally, we find that the district court properly rejected Mr. Evans's claim regarding the alleged ineffective assistance of his counsel at trial and on appeal. For substantially the reasons stated in the magistrate judge's recommendation, adopted by the district court, we hold that Mr. Evans has not made a substantial showing that his constitutional rights were violated. Mr. Evans has not shown that the state court's rulings were contrary to, or an unreasonable application of, federal law. <u>See</u> <u>Strickland v. Washington</u>, 466 U.S. 668 (1984) (requiring both unreasonable performance by counsel and prejudice resulting therefrom). Thus, the Court denies his application for a COA with respect to his sufficiency challenge.

### CONCLUSION

We GRANT Mr. Evans's motion to proceed IFP, but we DENY his request for a COA and DISMISS this appeal.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge

9